Dear Director, Holyfield
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. May the Council on Law Enforcement, Education and Training("CLEET") issue an Armed Security Guard License to an applicantwho has been convicted of a crime if the conviction occurred morethan five years prior to the application date, and if CLEET isconvinced the offense constituted an isolated incident and theapplicant has been rehabilitated?
 2. May CLEET issue to a person who has been convicted of acrime an Armed Security Guard License which restricts the type offirearm which may be carried to firearms which do not fall withinthe meaning of 21 O.S. 1283 (1987), such as shotguns andrifles that have not been shortened?
 I.
¶ 1 The Oklahoma Security Guard and Private Investigator Act,59 O.S. 1750.1 (1987) et seq. (the "Act"), governs the licensing of armed security guards. For the purposes of the Act a security guard is "an individual contracting with or employed by a security agency, private business or person to prevent trespass, theft, misappropriation, wrongful concealment of merchandise, goods, money or other tangible items, or engaged as a bodyguard or as a private watchman to protect persons or property." 59 O.S. 1750.2(5) (1987).
¶ 2 An armed security guard is "a security guard authorized tocarry a firearm[.]" 59 O.S. 1750.2(6) (1987). (Emphasis added). Such persons must be issued an Armed Security Guard License by CLEET. 59 O.S. 1750.5(A)(5) (1987).
¶ 3 The qualifications for licensure as an Armed Security Guard are found in 59 O.S. 1750.5(H):
 A Security Guard License, Armed Security Guard License, Private Investigator License, or combination thereof may be issued to an applicant meeting the following qualifications. The applicant shall:
* * *
5. Not have a record of a felony conviction; and
 6. Not have a record of conviction for larceny, theft, false pretense, fraud, embezzlement, false personation of an officer, any offense involving moral turpitude, any offense involving a minor as a victim, any nonconsensual sex offense, any offense involving the possession, use, distribution, or sale of a controlled dangerous substance, any offense involving a firearm, or any other offense as prescribed by [CLEET].
 Provided, however, if any conviction which disqualifies an applicant occurred more than five (5) years prior to the application date and [CLEET] is convinced the offense constituted an isolated incident and the applicant has been rehabilitated, [CLEET] may, in its discretion, waive the conviction disqualification as provided for in this section and issue a license to the applicant if the applicant is otherwise qualified unless said felony involved the use of a firearm or was violent in nature.
(Emphasis added).
¶ 4 The facial language of this subsection indicates that CLEET may, in its discretion, issue an Armed Security Guard License to a person who has been convicted of a felony if the requirements of 59 O.S. 1750.5(H)(6) are met.
¶ 5 If, however, CLEET were to issue an Armed Security Guard License to a convicted felon, there would arise a conflict with21 O.S. 1283 (1987) which provides:
 It shall be unlawful for any person having previously been convicted of any felony in any court of a state of the United States to have in his possession or under his immediate control, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile. For the purposes of this section, "sawed-off shotgun or rifle" shall mean any shotgun or rifle which has been shortened to any length.
¶ 6 If CLEET were to issue an Armed Security Guard License to a convicted felon, and if such convicted felon were to carry a firearm, such convicted felon would be in violation of 21 O.S.1283 unless a convicted felon who is licensed as a security guard is exempt from the provisions of 21 O.S. 1283.
¶ 7 Noting that exceptions which were not made by the Legislature should not be read into a statute, A.G. Opin. No. 81-283 concluded:
 [21 O.S. 1283] does not create an exception for convicted felons required to carry firearms as a condition of their employment.
¶ 8 The Legislature has not created an exemption to 21 O.S.1283 for convicted felons who obtain Armed Security Guard Licenses.
¶ 9 21 O.S. 1283 prohibits a convicted felon from possessing a firearm. If we were to interpret 59 O.S. 1750.5(H) as empowering CLEET to issue an Armed Security Guard License to a convicted felon, there would result an irreconcilable conflict between 21 O.S. 1283 and 59 O.S. 1750.5(H). The former would prohibit, and the latter would authorize, a convicted felon's possessing a firearm.
¶ 10 We must, if possible, interpret statutes to avoid such irreconcilable conflicts. Rea v. Big Chief Drilling Co.,673 P.2d 515 (Okla.Crim.App. 1983). Accordingly we interpret 59O.S. 1705.5(H) as providing that CLEET may not issue an Armed Security Guard License to a person who has been convicted of a felony because such a convicted felon may not lawfully carry a firearm.
¶ 11 CLEET may, however, in its discretion, issue an Armed
Security Guard License to a person who has been convicted of amisdemeanor if the conviction occurred more than five years prior to the application date and CLEET is convinced the offense constituted an isolated incident and the applicant has been rehabilitated, if the applicant is otherwise qualified, unless the misdemeanor involved the use of a firearm or was violent in nature. Similarly, 21 O.S. 1283 would not prohibit CLEET from issuing a license which does not authorize the carrying of firearms.
 II.
¶ 12 Your second question is whether CLEET may issue to a person who has been convicted of a felony an Armed Security Guard License which restricts the type of firearm which may be carried to firearms which do not fall within the meaning of 21 O.S.1283 (1987), such as shotguns or rifles that have not been shortened.
¶ 13 A convicted felon may not possess a firearm that falls within the class of firearms enumerated in 1283: "any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile." For the purposes of 1283 "sawed-off shotgun or rifle" means any shotgun or rifle which has been shortened to any length.
¶ 14 Not all firearms, however, fall within this class of firearms. For example, the language of 21 O.S. 1283 does not prohibit a convicted felon from possessing a shotgun or rifle which has not been shortened.
¶ 15 The Legislature has authorized CLEET to issue five kinds of licenses:
 Licenses authorized to be issued by [CLEET] shall be as follows:
1. Security Agency License;
2. Investigative Agency License;
3. Private Investigator License (unarmed);
4. Security Guard License (unarmed); and
5. Armed Security Guard License.
59 O.S. 1750.5(A) (1987). (Emphasis added).
¶ 16 Of the five licenses CLEET is authorized to issue, only the Armed Security Guard License authorizes the licensee to carry a firearm. No language in the act restricts the type of firearm a licensed armed security guard may carry.
¶ 17 Your question is, in essence, whether the Legislature has authorized CLEET to issue a sixth kind of license, a quasi-Armed Security Guard License which authorizes the licensee to carry only firearms that do not fall within the class or firearms enumerated in 21 O.S. 1283, such as shotguns or rifles that have not been shortened.
¶ 18 We conclude that, since the Legislature could have, but did not, expressly authorize CLEET to issue such a license, CLEET may not issue an Armed Security Guard License which purports to restrict the type of firearm the licensee may carry.
¶ 19 This conclusion is bolstered by A.G. Opin. No. 85-029 wherein it was concluded, because the Legislature authorized CLEET to issue only one basic certificate certifying that the recipient is capable of performing all functions and duties of a police officer, CLEET could not issue a limited certificate certifying that the recipient is trained as a police officer, but is competent to perform only duties that are not inherently dangerous.
¶ 20 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The Council on Law Enforcement Education and Training("CLEET") may not issue an Armed Security Guard License to aperson who has been convicted of a felony because such aconvicted felon may not lawfully carry all firearms under thelanguage of 21 O.S. 1283 (1987).
 CLEET may, however, in its discretion, issue an Armed SecurityGuard License to a person who has been convicted of a misdemeanorif the conviction occurred more than five years prior to theapplication date and CLEET is convinced the offense constitutedan isolated incident and the applicant has been rehabilitated, ifthe applicant is otherwise qualified, unless the misdemeanorinvolved the use of a firearm or was violent in nature, asprovided in 59 O.S. 1750.5(H) (1987).
 2. Under 59 O.S. 1750.5(A) (1987) CLEET is not authorizedto issue an Armed Security Guard License which purports toadministratively restrict the type of firearms that the licenseemay carry.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JEFF MIXON ASSISTANT ATTORNEY GENERAL